# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

BRIAN STEPTOE,                )
                              )
    Movant,               )
                              )
v.                            )     Case No.  CV612-049
                              )               CR609-068
UNITED STATES OF AMERICA,     )
                              )
    Respondent.           )

## REPORT AND RECOMMENDATION

After pleading guilty to bank fraud and, in doing so, waiving most all of his direct and collateral appeal rights,[1] Brian Steptoe took no appeal from his 54-month sentence but later moved to compel a Fed. R. Crim. P.

---

[1] His plea-agreement waiver:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in *any* post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Doc. 151 at 5 (emphasis added).

35(b)-based[2] sentence reduction in light of his claimed cooperation with the government. CR609-068, docs. 150 at 2; docs. 151, 164, 213. In denying relief, the Court reminded him that it was solely the prosecution's discretion whether to move for it. Doc. 220; *see also supra* n. 2.

Meanwhile, more than one year has elapsed since his judgment of conviction, and Steptoe *again* seeks Rule 35 relief, this time through a 28 U.S.C. § 2255 motion (doc. 224) in which he faults his lawyer for, *inter alia*, failing to advance his claim for Rule 35 relief.[3] Doc. 225 at 3. He also complains that the government has "breached" his plea agreement by failing to move under Rule 35(b). *Id.* at 3-4. And, he moves to amend his §

---

[2] As the Eleventh Circuit recently explained:

> Under Rule 35(b), after a sentence has been imposed, the district court may reduce a defendant's sentence upon the government's motion based on the defendant's substantial assistance. Fed. R. Crim. P. 35(b). The government has the power, but *not the duty*, to file a substantial assistance motion. *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843, 118 L. Ed. 2d 524 (1992) (involving substantial assistance motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)); *United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying *Wade* to Rule 35(b) motions).

*United States v. Bell*, 2012 WL 1192181 at * 2 (11th Cir. Apr. 9, 2012) (emphasis added). "By its terms, only the Government may bring a motion for a sentence reduction under Rule 35(b)." *McLaurin v. United States*, 2011 WL 6151467 at * 3 (M.D.N.C. Dec. 12, 2011).

[3] He has no constitutional or statutory right to the assistance of counsel in pursuing such a motion. *United States v. Taylor*, 414 F.3d 528, 535-36 (4th Cir. 2005); *United States v. Bennett*, 2012 WL 1314649 at * 2 (D.S.C. Apr. 17, 2012).

2

2255 motion to compel inquiry into "the file" on what became of the government's announced intent to request Rule 35(b) relief for him. Docs. 225 & 226.

Upon 28 U.S.C. § 2255, Rule 4(b) preliminary review, the motions must be denied. First, the Court entered its judgment of conviction and sentence on September 28, 2010. Doc. 150. So even assuming *arguendo* that § 2255 is an acceptable vehicle to use here,[4] the motion is time-barred. Since movant did not appeal his conviction, it became final when the time for filing an appeal expired, *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000), which was fourteen days after entry of judgment -- October 12, 2010. Fed. R. App. P. 4(b)(1)(A)(i). Under § 2255(f)(1), Steptoe had one year from the date that his conviction became final in which to file his § 2255 motion. His deadline, then, was October 12, 2011. But he did not sign and mail in his § 2255 and related motions

---

[4] Section 2255 can be used to challenge not just the sentence, but the conviction itself. *United States v. Boyd*, 591 F.3d 953, 956 (7th Cir. 2010). Courts are divided, however, over whether it is permissible to advance Rule 35(b)-complaints within a § 2255 motion. *See McLaurin*, 2011 WL 6151467 at * 3 (collecting diverging cases before concluding that McLaurin's "motion for a sentence reduction based on substantial assistance that he has provided to the Government is clearly a collateral attack on his underlying sentence. As a result, his motion must be brought as one under section 2255 rather than Rule 35(b)."); *Hick v. Patton*, 2007 WL 2793847 at * 4-5 (E.D. Ky. Sep. 26, 2007) (collecting cases); *cf. United States v. Flenory*, 876 F.2d 10, 11 (3d Cir. 1989) (Rule 35(a) motion challenging sentence based on alleged violation of plea agreement may properly be regarded as filed under § 2255).

until June 7, 2012. Doc. 224 at 13.

Furthermore, filing a Rule 35(b) "compel" motion does not stop that clock. *Mendoza v. United States*, 2012 WL 28597 at * 2 (W.D. Tex. Jan. 5, 2012) ("Because a collateral challenge is a separate proceeding that does not interfere with the finality of a judgment, a delayed Rule 35 motion has no *per se* impact on the limitation period."). So even though Steptoe moved to compel Rule 35(b) relief on June 27, 2011 (doc. 213) and it was not denied until October 20, 2011, doc. 220, the one-year clock ticked on, thus time-barring his § 2255 motion.

Even were his § 2255 motion timely, Steptoe cites no valid ground for challenging the government's laxity in seeking Rule 35(b) relief within that rule's one-year period. It made no promise to him that it would, and he waived his right to pursue any collateral relief except on sentence-exceeding grounds (*see supra*, n. 1) not alleged here.[5] And absent such an agreement, his counsel could not be ineffective, even if he had a right to assistance of counsel in pursuing the motion (he did not, *see*

---

[5] Note also that "[w]here[, as is the case here, doc. 151,] there is no specific agreement requiring the [United States] to file a Rule 35(b) motion, this Court is authorized to review the decision only if it finds that the refusal was based on an unconstitutional motive, such as race or religion. *United States v. Ramos–Yanac*, 2011 WL 4840728, 1 (11th Cir. 2011)." *United States v Balbuena*, 2012 WL 947398 at *4 (S.D.Ala. Mar. 20, 2012) (quotes and cite omitted). Steptoe makes no such allegation.

4

*supra* n. 2).

Brian Steptoe's § 2255 and related motions, then, must be **DENIED**. Docs. 224, 225 & 226. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  15th  day of June, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA